IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KATIE WILLIAMS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-144-FHM

## OPINION AND ORDER

Plaintiff, Katie Williams, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 10, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Voltz was held August 6, 2009. By decision dated August 13, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 14, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 33 years old on the alleged date of onset of disability and 54 on the date of the ALJ's denial decision. She completed the 10th grade, and has no past relevant work. She claims to have been unable to work since January 1, 1988 as a result of coronary artery disease, chest pain, knee pain, shoulder pain, and hand problems. Since Plaintiff's application is for Supplemental Security Income, the dates relevant to her claim are from the date of application for benefits, April 2008, to the date of the ALJ's decision, August 2009.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 416.967(b). [R. 12]. Based on the testimony of a vocational expert, the ALJ determined that there are jobs in the regional and national economy which Plaintiff can perform and therefore Plaintiff is not disabled as defined in the Social Security Act. The case was thus decided at step five of

the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ: failed to properly consider and evaluate the medical source evidence; failed to consider all of Plaintiff's impairments at step two and three of the sequential evaluation; failed to include limitations for all of Plaintiff's impairments in the hypothetical questioning to the vocational expert; and failed to perform a proper credibility evaluation.

**Analysis**

Consideration of the Medical Source Evidence

Plaintiff raises a number of issues under this heading. She contends that the ALJ: failed to mention and weigh all of the medical records and ignored ECG reports; mischaracterized evidence concerning some of Plaintiff''s impairments; and failed to note the consultative examiner's comment that Plaintiff''s chest pain may have an anxiety component. She also argues that the evidence submitted to the Appeals Council undermines the ALJ's decision. The court finds no error in the ALJ's analysis of the medical record.

The ALJ discussed the physician's conclusions from Plaintiff's February 8, 2008 admission to Barstow Community Hospital for chest pain. The ALJ noted the physician's finding that Plaintiff had coronary artery disease and an acute coronary syndrome, but her chest pain was secondary to drug abuse. [R. 13, 143]. Within the Barstow Community Hospital records is a single sheet that identifies the dates, complaints, and services

3

rendered to Plaintiff on her previous visits to that hospital emergency department. [R. 147]. The sheet shows Plaintiff presented to the emergency department six times since 2001: August 2005 for chest pain/drug abuse; July 2004 for chest pain, left against medical advice; May 2004 for pulmonary embolism; November 2003 for chest pain/abnormal liver function test; September 2003 for an abscess, and June 2003 for pulmonary embolism. *Id*. This sheet is what Plaintiff argues the ALJ erred in failing to mention.

The ALJ is required to discuss the evidence and explain why he found Plaintiff not disabled. 42 U.S.C. § 405(b)(1); *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). Although the ALJ is not required to discuss every piece of evidence, the record must demonstrate that the ALJ considered all the evidence. *Id.* at 1009-10. In addition to discussing the evidence he relies on to support his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon as well as significant probative evidence he rejects. *Id*. at 1010.

The relevant time frame for Plaintiff's application for benefits begins in April 2008. The emergency department visits recorded on the sheet predate the relevant time frame by years. The ALJ discussed the conclusions of the physician who treated Plaintiff during the February 2008 admission. [R. 13]. The treating physician had the information concerning Plaintiff's previous treatment at his disposal, concluded that Plaintiff's chest pain was secondary to her drug abuse, and released her from the hospital with no restrictions. [R. 143, 182]. The court finds no error in the ALJ's failure to mention the sheet with the summary of Plaintiff's past emergency department visits.

4

Plaintiff also points out that the record contains several ECG tracings that bear notations on them of an infarct of undetermined age. [R. 177-181]. The ALJ did not mention those ECG tracings nor did he mention data showing a first degree AV blockage. [R. 152]. Plaintiff argues that the ALJ's failure to mention this information was a failure in his duty to discuss the uncontroverted evidence he chose not to rely on or rejected. The court finds that rather than mentioning these test results and endeavoring to interpret them, the ALJ properly noted the treating physician's conclusions which were derived from the test results and his treatment of Plaintiff during her hospital stay. [R. 13].

The ALJ stated that it appears Plaintiff has gotten into the habit of calling her chest pain "heart attacks" and there is no supportive documentation for Plaintiff's allegations of having five myocardial infarctions (hear attacks), knee swelling, shoulder spurs, hand injuries,[2] or other difficulties she spoke of at the hearing. [R. 13]. Plaintiff asserts that this is a mischaracterization of the record. [Dkt. 13, p. 3]. Plaintiff also argues that the ALJ failed to note the consultative examiner's finding of decreased range of motion in the lumbar spine, a mild strength loss in the left shoulder, and decreased range of motion in the right elbow. Although the ALJ did not quote the consultative examiner's report *verbatim*, the ALJ noted the consultative examiner's finding of some limitation in Plaintiff's left shoulder and minor limitation in her back extension and flexion. [R. 13]. The ALJ also noted Plaintiff's grip strength was 5/5 and that her left knee had full range of motion. *Id*.

---

[2] Plaintiff's arm was in a cast at the hearing. [R. 26]. The record reflects that Plaintiff broke her wrist shortly before the hearing. Plaintiff does not argue disability based on that break, which in any event would not meet the durational requirements for disability. 20 C.F.R. § 416.909.

The ALJ did not mention the decrease in right elbow extension. [R. 184, 187]. However as previously discussed, the ALJ is not required to mention every single medical record or finding.

The matter to be determined in this case as in all Social Security disability cases is whether and to what degree claimant's limitations prevent the performance of work-related activities. Plaintiff has not directed the court to any support for her contention that these alleged problems prevent the performance of light work. On the other hand, the ALJ noted that the RFC finding was supported by the Disability Determination Service's (DDS) assessment. [R. 14]. The court notes that in the narrative portion of the DDS assessment, the reviewing physician specifically noted the finding of decreased range of motion of the right elbow and also left wrist. Yet, the DDS physician expressed the opinion that these problems, together with Plaintiff's other impairments, did not prevent the performance of light work. [R. 193-94]. Although the ALJ is not bound by the findings made by the DDS reviewing physicians, the regulations instruct that they are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i). The court finds that the ALJ's failure to note the consultative examiner's finding of reduced range of motion in the elbow presents no basis for reversal of the decsion.

Plaintiff argues that the ALJ erred in failing to mention the consultative examiner's comment that Plaintiff's chest pain seems cardiac in nature but likely had some anxiety component as well. The court finds no error in the ALJ's failure to mention the consultative examiner's comment. The comment is just that, a comment. It falls short of even

6

constituting a diagnosis, and it says nothing about Plaintiff's ability to perform work-related tasks.

Plaintiff submitted additional records to the Appeals Council, as permitted by the relevant regulations. 20 C.F.R. § 404.970(b). The Tenth Circuit has ruled that such "new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence. According to Plaintiff, based on the records she submitted to the Appeals Council which contain Plaintiff's complaint of being "very stressed," have a diagnosis of an anxiety disorder, and contain a Global Assessment of Functioning (GAF) rating of 55, [R. 237], the Appeals Council should have remanded the case for further consideration of her anxiety. The court finds that even considering the evidence submitted to the Appeals Council, the ALJ's decision is supported by substantial evidence.

Plaintiff submitted mental health records from Family and Children's Services to the Appeals Council. These records show that Plaintiff was evaluated on October 27, 2008, that she was a no show for subsequent appointments, and never actually received any treatment. Considering these records, the court finds that the ALJ's decision is supported by substantial evidence.

The court notes that the materials submitted to the Appeals Council also contain the records of Plaintiff's hospital admission on August 17, 2009 where Plaintiff was admitted

7

with chest and abdominal pain. Plaintiff underwent gall bladder surgery. Serial cardiac enzymes and EKGs were performed with no abnormalities found. [R. 282]. A myocardial perfusion test was performed, the report of which reflects no evidence of stress induced ischemia by perfusion imagery, no prior myocardial infarction, and normal left ventricle function. [R. 300]. These records support the ALJ's conclusions about what the medical record before him showed about Plaintiff's complaints of chest pain.

<u>Consideration of Plaintiff's Impairments at Steps 2 and 3</u>

Plaintiff claims that the ALJ: 1) did not properly consider the evidence with respect to the relevant cardiac listing; and 2) did not address Plaintiff's anxiety in relation to the Psychiatric Review Technique.

The Listing of Impairments (listings) describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. It is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Further, *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Plaintiff argues that she meets Listing 4.03. However, Listing 4.03 was removed from the Listings of Impairments effective April 13, 2006, two years before Plaintiff applied for benefits. *See* 71 FR 2318, January 13, 2006, effective April 13, 2006 (deleting listing 4.03). Since the listing is no longer in effect, and was not in effect at the time of the ALJ's decision, the ALJ's treatment of the listing cannot be the basis for reversal. To the extent that Plaintiff's brief can be read as contending some other cardiac listing should apply, that

8

argument is rejected. The medical record does not contain the type of test results and documentation necessary to demonstrate that Plaintiff meets a listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 4.00(B).

Plaintiff argues that the ALJ erred by not evaluating her anxiety in the psychiatric review technique performed at step two and by not including limitations due to anxiety in the residual functional capacity (RFC) finding. Plaintiff asserts that the medical records submitted to the Appeals Council that were not before the ALJ confirm that anxiety should have been addressed. The court has already noted that the mental health records submitted to the Appeals Council are a one-time assessment and do not reflect anything other than a bare diagnosis. Furthermore, aside from her own testimony, Plaintiff has not directed the court to any information in the record that suggests she has any work-related limitations due to anxiety. It is Plaintiff's duty on appeal to support her arguments with references to the record and to tie relevant facts to her legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error). The court finds that Plaintiff has not demonstrated that the ALJ erred in his assessment of Plaintiff's mental RFC.

<u>Hypothetical Questioning of the Vocational Expert</u>

Plaintiff claims that the hypothetical question posed to the vocational expert was fatally flawed because the ALJ referred to the Plaintiff's ability to sit for 6 hours, but did not

9

address her ability to walk or stand. [R. 32]. According to Plaintiff, since sitting 6 hours a day does not account for an entire 8-hour day, the hypothetical question demonstrates Plaintiff is not able to engage in competitive employment.

The court finds that the ALJ mis-spoke at the hearing and meant to convey the requirements for light work. A review of the hearing transcript reveals that the vocational expert understood the ALJ as having stated an RFC for light work as the vocational expert answered as if light work requirements were conveyed by the hypothetical question. The court's conclusion that the ALJ mis-spoke is supported by the ALJ's finding in the decision that Plaintiff is capable of a full range of light work which according to the regulations, 20 C.F.R. § 416.967(b), involves "a good deal of walking or standing." In addition, in the decision the ALJ stated that the RFC finding was supported by the Disability Determination Service's RFC assessment which also found Plaintiff capable of performing the walking and standing requirements of light work. [R. 14]. In light of these indications, the court finds that the ALJ's failure to include the standing and walking requirements of light work in the hypothetical question posed to the vocational expert does not require remand.

Plaintiff also asserts that the case should be reversed because the ALJ did not ask the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles (DOT) as required by *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). The vocational expert included DOT numbers for the jobs she identified as fitting the hypothetical question. As a result, it is obvious that the vocational expert consulted the DOT in formulating her answer to the hypothetical questioning. Plaintiff has not identified any inconsistency between the vocational expert's testimony and the DOT. Therefore the

ALJ's failure was harmless. . *See Poppa v. Astrue*, 569 F.3d 1167, 1173-74 (10th Cir. 2009)(failure to ask about conflicts between DOT and vocational expert testimony harmless where there were no conflicts with the DOT).

## Credibility Determination

Plaintiff argues that the ALJ failed to perform an appropriate credibility determination. Contrary to Plaintiff's contentions, the ALJ did not rely on boilerplate language to explain the reasons for the credibility finding. The ALJ contrasted Plaintiff's complaints to the consultative examiner with the mostly unremarkable physical examination. He found a lack of support in the record for Plaintiff's reported history of five "heart attacks," and found a lack of supportive documentary evidence for the other difficulties Plaintiff spoke of at the hearing.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding. Therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 4th day of June, 2012.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE